UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ARTHUR APICELLA and DUSTIN AMUNDSON,
*individually and on behalf of all others similarly situated*,

                Plaintiffs,

      -against-

APPLE INC.,

                Defendant.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-02261 (OEM) (JMW)

ORELIA E. MERCHANT, United States District Judge:

Plaintiffs Arthur Apicella ("Apicella") and Dustin Amundson ("Amundson") ("Plaintiffs") bring this putative class action lawsuit against Defendant Apple Inc. ("Apple"),[1] alleging that Apple knowingly sold its AirPods Max with "a latent and material defect [that] causes condensation to accumulate inside the ear cups" on the AirPods Max at the time of their sale. First Amended Class Action Complaint ¶¶ 5, 8, Dkt. 5 ("Am. Compl."). Before the Court is Apple's fully briefed motion to dismiss the Amended Complaint.[2]

For the following reasons, Apple's Motion is granted in part and denied in part.

**BACKGROUND**[3]

On April 9, 2021, while residing in New York, Plaintiff Apicella ordered AirPods Max headphones and AppleCare+ through Apple's website. *Id*. ¶ 14. Upon receiving and using his

---

[1] Plaintiffs assert that the Court has subject-matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). First Amended Class Action Complaint ¶ 11, Dkt. 5.

[2] *See* Notice of Defendant Apple Inc.'s Motion to Dismiss, Dkt. 19 ("Motion" or "Mot."); Memorandum of Law in Support of Defendant Apple Inc.'s Motion to Dismiss, Dkt. 19-1 ("Memorandum" or "Mem."); Memorandum of Law in Support of Plaintiffs' Opposition to Defendant Apple Inc.'s Motion to Dismiss First Amended Complaint, Dkt. 22 ("Opposition" or "Opp'n"); Reply in Support of Defendant Apple Inc.'s Motion to Dismiss, Dkt. 20 ("Reply").

[3] The following facts are taken from Plaintiffs' Amended Complaint and are accepted as true for the purposes of Apple's Motion. The Court recites only those facts relevant to resolving the pending Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

AirPods Max, Plaintiff Apicella "noticed excessive condensation in his AirPods Max ear cups while watching a movie" and his AirPods Max "generate[d] condensation in the ear cups every time he used them, often after only about 15 minutes of use." *Id.* ¶¶ 17-18.

On May 23, 2021, while residing in Washington, Plaintiff Amundson purchased AirPods Max headphones and AppleCare. *Id.* ¶ 21. Shortly after purchasing them, Plaintiff Amundson "noticed excessive condensation in his AirPods Max ear cups while performing every day tasks, indoors, at home," and that they "generate[d] condensation in the ear cups every time he use[d] them." *Id.* ¶¶ 24-25. Consequently, Plaintiffs allege that they "are unable to use their AirPods Max to enjoy 'exhilarating high-fidelity audio' . . . or the supposed '[s]patial audio with dynamic head tracking [giving them] a theater-like experience for movies and shows, with sound that surrounds [them.]'" *Id.* ¶ 49. Instead, they experience switches in connection between their devices, pauses in connectivity or sound quality, failure to connect to wireless networks "with increasing frequency as the condensation worsens," and "failure to maintain its battery charge" for the advertised 20 hours. *Id.* ¶¶ 18, 25, 49.

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). While a complaint need not contain "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Legal

conclusions or "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

Plaintiffs assert the following claims against Apple: (1) breach of the implied warranty of merchantability in violation of the New York Uniform Commercial Code ("N.Y. U.C.C.") § 2-314; (2) breach of the implied warranty of merchantability in violation of Washington Revised Code ("RCW") § 62A.2-314; (3) breach of express warranty in violation of RCW § 62A.2-313; (4) violation of the Magnuson-Moss Warranty Act ("MMWA") 15 U.S.C. §§ 2302-2312; (5) unjust enrichment; (6) violation of New York General Business Law ("NY GBL") § 349 ("Section 349"); (7) violation of NY GBL § 350 ("Section 350"); (8) violation of the Washington Consumer Protection Act ("WCPA") RCW §§ 19.86.010 *et seq.*; and (9) New York and Washington common-law fraud by omission. Am. Compl. ¶¶ 72-220.

### A. Plaintiffs' Implied Warranty Claims Under New York and Washington Law

Apple argues that Plaintiffs' implied warranty claims under New York and Washington law fail because they do not allege that the AirPods Max were unfit for their ordinary purpose. Mem. at 5-6. Plaintiffs respond that they adequately "allege that the AirPods Max are unmerchantable in that they do not meet their contract description and do not conform to the standard performance or a reasonable customer's expectation of like products used in the trade." Opp'n at 5.

#### 1. Plaintiff Apicella's Claim Under N.Y. U.C.C. § 2-314

"A merchant breaches the [N.Y. U.C.C.] implied warranty of merchantability if it sells goods that are not 'fit for the ordinary purposes for which such goods are used.'" *Caronia v. Philip Morris USA, Inc.*, 715 F.3d 417, 433 (2d Cir. 2013) (quoting N.Y. U.C.C. § 2-314(2)(c)); *Denny v. Ford Motor Co.*, 662 N.E.2d 730, 736 (N.Y. 1995). This warranty "does not require that the

goods be perfect or that they fulfill [a] buyer's every expectation; it only requires that the goods sold be of a minimal level of quality." *Caronia*, 715 F.3d at 433-34 (internal citations and quotations omitted).

Plaintiff Apicella does not allege a breach of the N.Y. U.C.C. implied warranty of merchantability – he does not claim that his headphones did not perform the ordinary purpose of providing audio. To the contrary, Plaintiff Apicella alleges that he used the AirPods Max to watch a movie. *Id.* ¶ 17. And, while he alleges that that condensation forms after an approximately an hour of use, thereby interfering with his "continued use," Plaintiff Apicella does not allege that the audio does not work. *Id.* ¶¶ 18, 25. Consequently, he does not plausibly allege a violation of the implied warranty of merchantability. *Compare Smith v. Apple, Inc.*, 583 F. Supp. 3d 554, 567 (S.D.N.Y. 2022) (reasoning that the plaintiff did not allege that the phones were "incapable of making calls, browsing the internet, running applications, or otherwise performing the 'ordinary purposes for which such goods are used.'" (citation omitted))*, and Anhui Konka Green Lighting Co., Ltd. v. Green Logic LED Electrical Supp., Inc.*, 625 F. Supp. 3d 269, 286 (S.D.N.Y. 2022) (dismissing implied warranty claim for failure to allege that the light panels were unfit for their intended purpose, which was to provide illumination)*, and Warren v. Coca-Cola Co.*, 670 F. Supp. 3d 72, 88 (S.D.N.Y. 2023) ("Plaintiff's claim for breach of implied warranty of merchantability fails because she did not allege that the Product is not drinkable or otherwise not of merchantable quality.")*, with In re Scotts EZ Seed Litig.*, 2013 WL 2303727, at *9 (S.D.N.Y. May 22, 2013) (concluding that the plaintiffs stated a claim for implied warranty of merchantability because the purpose of the product was to grow grass and the plaintiffs alleged that they did not experience any grass growth).

Plaintiffs argue that the AirPods Max were represented as "high-quality, luxury headphones," Am. Compl. ¶ 19, and priced "hundreds of dollars higher than comparable products," *id.* ¶ 51, so there is a reasonable inference that such headphones "that fail to consistently provide audio listening capabilities within a few weeks after purchase would not pass without objection as compared with other premium-priced, high-end headphones, in the trade," Opp'n at 6, 12. However, a warranty of fitness for ordinary purpose only requires the product meets a "minimal level of quality," *see Caronia*, 715 F.3d at 433-34, and does not require a comparison to other goods in the trade or that the headphones meet the buyers' expectations of high-quality and luxury.

Accordingly, Apple's motion to dismiss Plaintiff Apicella's New York State implied warranty claim is granted.[4]

### 2. Plaintiff Amundson's Claim Under RCW § 62A.2-314

Under Washington law, merchantable goods must at least be such that

(a) pass without objection in the trade under the contract description; and (b) in the case of fungible goods, are of fair average quality within the description; and (c) are fit for the ordinary purposes for which such goods are used; and (d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and (e) are adequately contained, packaged, and labeled as the agreement may require; and (f) conform to the promises or affirmations of fact made on the container or label if any.

*Fed. Signal Corp. v. Safety Factors, Inc.*, 886 P.2d 172, 179-80 (Wash. 1994) (quoting RCW § 62A.2-314). Determining the merchantability of a good "depends on the particular facts of the case." *Id.* at 180 (quoting *Tallmadge v. Aurora Chrysler Plymouth, Inc.*, 605 P.2d 1275, 1278 (Wash. Ct. App. 1979)). "Where 'a significant segment of the buying public objects to buying . . . ' a good, it 'does not pass *without objection* in the trade.'" *Id.* (quoting *Thomas v. Ruddell Lease-*

---

[4] Given this disposition, the Court does not reach Defendants' argument that Plaintiff Apicella's claim should also be dismissed because he does not allege pre-suit notice of his implied warranty claim. Mem. at 8-9.

*Sales, Inc.*, 716 P.2d 911, 915 (Wash. Ct. App. 1986)). Further, the phrase "fit for the ordinary purposes" "embodies the concept 'that goods be reasonably fit for their usual, intended purpose,' *i.e.*, 'reasonably safe when put to their ordinary use and reasonably capable of performing their ordinary functions.'" *Id.* (citation omitted). Factors considered in evaluating whether a product is reasonably fit for its intended purpose include "the usage in the trade, the price actually paid as compared to the standard price, the characteristics of similar goods manufactured by others, and government standards and regulations regarding such a good." *Id.*

Plaintiff Amundson plausibly alleges that the AirPods Max would not pass without objection in the trade. He alleges that a number of consumers objected to buying the AirPods Max, pointing to several complaints on online platforms where consumers claimed that they had to repair or return the headphones. *See* Am. Compl. ¶¶ 42-46. Regarding Plaintiff Amundson's claim that the AirPods Max were not reasonably fit for their intended purpose, *see id.* ¶ 90, the fact-intensive nature of the implied warranty inquiry under Washington law discourages dismissal at this stage, *see Fed. Signal*, 886 P.2d at 180, and many courts resolve claims under RCW § 62A.2-314 after making factual findings, *see, e.g.*, *Fed. Signal*, 886 P.2d at 180 (bench trial); *Tallmadge*, 605 P.2d at 1278 (bench trial); *Ruddell Lease-Sales*, 716 P.2d at 915 (trial).[5] Although Plaintiff Amundson does not allege that he is unable to listen to audio in his AirPods Max, he alleges that he experiences connectivity, sound quality, Bluetooth, and battery charge issues when trying to listen to his headphones. Am. Compl. ¶ 25. He also alleges that he paid a higher price for the headphones compared to other headphones. *Id.* ¶ 51. Thus, at this stage, Plaintiff Amundson has plausibly

---

[5] Apple references *Water and Sanitation Health, Inc. v. Dole Food Co., Inc.*, 11-1904JLR, 2012 WL 13028545, at *2 (W.D. Wash. July 31, 2012). Mem. at 10. There, the court dismissed the plaintiff's claim for breach of implied warranty. *Water and Sanitation Health*, 2012 WL 13028545, at *2. However, the plaintiff alleged that the products were not grown in a particular manner, *id.*, which is not a factor in RCW § 62A.2-314. Here, Amundson has alleged that the AirPods Max would not pass without objection in the trade and that they were not reasonably fit for their intended purpose. *See* Am. Compl. ¶¶ 89-90.

6

alleged a breach of implied warranty of merchantability under Washington law. *See Fed. Signal*, 886 P.2d at 180 (reversing trial court's holding that the seller did not breach the implied warranty of merchantability in part because of testimony that customers had so many problems with the products that it was hard to use them for their ordinary purposes and noting that a factor to consider includes "the price actually paid as compared to the standard price").

Accordingly, Apple's motion to dismiss Plaintiff Amundson's Washington State breach of implied warranty claim is denied.

**B. Plaintiff Amundson's Breach of Express Warranty Claim Under RCW § 62A.2-313**

Apple argues that Plaintiff Amundson fails to allege a breach of express warranty under Washington law RCW § 62A.2-313, because Apple's limited warranty does not cover design defects. Mem. at 11. Plaintiff Amundson responds that this argument is premature. Opp'n at 7-8.

"A manufacturer's liability for breach of an express warranty derives from, and is measured by, the terms of that warranty." *Cipollone v. Liggett Grp.*, 505 U.S. 504, 525 (1992). Plaintiff Amundson alleges that Apple breached its one-year warranty, which only warrants against "defects in materials and workmanship." Am. Compl. ¶¶ 98-101. Language like "workmanship or materials" is interpreted to mean warranty against a manufacturing defect under Washington law. *In re Pac. Mkt. Int'l, LLC, Stanley Tumbler Litig.*, 764 F. Supp. 3d 1026, 1042 (W.D. Wash. 2025) (citing *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1224 (9th Cir. 2015)). Thus, as alleged by Plaintiff Amundson, Apple's limited warranty only covers manufacturing defects.

"To succeed on a manufacturing defect claim, a plaintiff must demonstrate that the product deviated materially from the manufacturer's design specifications or the performance standards applicable to similar products when it left the manufacturer's control and that this deviation proximately caused plaintiff's harm." *Doyle v. Bayer Corp.*, C24-1973-MLP, 2025 WL 1666261,

at *4 (W.D. Wash. June 12, 2025) (citing *Staub v. Zimmer, Inc.*, C17-0508JLR, 2017 WL 2506166, at *4 (W.D. Wash. June 9, 2017)); *see* RCW § 7.72.030(2)(a).  Further, in determining whether a plaintiff plausibly alleges a warranted defect, Washington courts consider the nature of the defect alleged.  *See Maadanian v. Mercedes-Benz USA, LLC*, 2:22-cv-00665-RSL, 2024 WL 1579658, at *6 n.10 (W.D. Wash. Apr. 11, 2024) (noting that the plaintiff did not allege any facts which could support a claim that the defect was one of materials or workmanship).  Unlike a manufacturing defect, which is "due to factory departure from proper specifications," design defects "are present across an entire product line."  *Moore v. Harley-Davidson Motor Co. Grp.*, 241 P.3d 808, 817 (Wash. Ct. App. 2010) (citing 16 DeWolf & Allen § 16.12 at 521–22 (3d ed. 2006)); *see Bylsma v. Burger King Corp.*, 293 P.3d 1168, 1170 (Wash. 2013); RCW § 7.72.030.

Here, Plaintiff Amundson does not allege that Apple breached its express warranty because he does not plausibly allege a defect in manufacturing.  Plaintiff Amundson alleges, without supporting facts, that the AirPods Max suffered a defect in "design and/or manufacturing."  *See, e.g.*, Am. Compl. ¶¶ 5, 47, 101, 116.  He also alleges that the AirPods Max "are defective in design, materials and/or workmanship," *id.* ¶ 116, and quotes an article suggesting that the use of aluminum in the ear cups is the cause of the condensation problem, *id.* ¶ 45.  In relevant part, the article states that "[a]luminium stands out, but it is a poor insulator which – as users have pointed out – likely creates the condensation problem due to heat build up from wearing the (also heavy) AirPods Max over time."  *Id.*  Although Plaintiff Amundson's references to "manufacturing" defects are entirely conclusory, the quoted article offers at least one factual allegation that takes issue with the materials used.  *See id.*  However, the implication that the aluminum was an improper material to use on the AirPods Max indicates that the defect is present across the whole product line and is not a deviation from a design specification.  *See Richmond-Prohaska v. Ethicon, Inc.*,

8

C23-0210JLR, 2023 WL 5530316, at *4 (W.D. Wash. Aug. 28, 2023) (concluding that the plaintiff did not plausibly allege a manufacturing defect because the allegations related to the properties of the product, not deviations from its design). As such, Plaintiff Amundson only alleges facts that infer that the defect arose from Apple's design and design defects are not covered by Apple's express warranty. *See id.* ¶¶ 98-101. Thus, Plaintiff Amundson cannot plausibly allege that Apple breached its warranty.

Plaintiff Amundson's argument that Apple's motion to dismiss the express warranty claim is premature is misplaced. He cites *Haag v. Hyundai Motor Am.*, 969 F. Supp. 2d 313, 316 (W.D.N.Y. 2013) and *Koulajian v. Trek Bicycle Corp.*, 90–Civ–3156(LJF), 1992 WL 28884, (S.D.N.Y. Feb. 11, 1992), which apply New York and Indiana law, respectively. *See* Opp'n at 7-8. Neither case assesses the controlling law here, which is the Washington Uniform Commercial Code, RCW § 62A. Indeed, courts in the Ninth Circuit applying Washington law routinely draw the distinction between design and manufacturing defects at the motion to dismiss stage. *See, e.g.*, *In re Pac. Mkt.*, 764 F. Supp. 3d at 1042; *Nauman v. Gen. Motors*, C21-5150 BHS, 2021 WL 4502666, at *2-3 (W.D. Wash. Oct. 1, 2021); *Harris v. Gen. Motors LLC*, C20-257 TSZ, 2020 WL 5231198, at *3 (W.D. Wash. Sep. 2, 2020), *vacated on other grounds*, 2020 WL 10692982 (Oct. 19, 2020); *Maadanian*, 2024 WL 1579658, at *6 n.10.

Accordingly, Apple's motion to dismiss Plaintiff Amundson's express warranty claim is granted.

### C. Plaintiffs' MMWA Claims

Apple argues that Plaintiffs' MMWA claims should be dismissed because Plaintiffs do not plausibly allege state-law warranty claims. Mem. at 13. Plaintiffs do not dispute that the viability of their MMWA claim depends on the viability of their state-law warranty claims, but they assert

9

that their MMWA claim should not be dismissed because their implied and express warranty claims are plausibly alleged.  Opp'n at 9.

Claims asserted under the MMWA "stand or fall with the express and implied warranty claims under state law."  *Valcarcel v. Ahold U.S.A., Inc.*, 577 F. Supp. 3d 268, 283 (S.D.N.Y. 2021) (quoting *Cali v. Chrysler Grp. LLC*, 10 Civ. 7606(JSR), 2011 WL 383952, at *4 (S.D.N.Y. Jan. 18, 2011), *aff'd*, 426 F. App'x 38 (2d Cir. 2011)).

Thus, because Plaintiff Apicella's state-law warranty claims are not sufficiently pled, *see supra* Section A.1, Apple's motion to dismiss Plaintiff Apicella's MMWA claim is granted, and because  Plaintiff Amundson's Washington state law implied warranty claim is sufficiently pled, *see supra* Section A.2, Apple's motion to dismiss Plaintiff Amundson's MMWA claim is denied.

## D.  Plaintiffs' Unjust Enrichment Claims

Apple argues that Plaintiffs fail to state unjust enrichment claims because they are foreclosed by Apple's limited warranty, Plaintiff Apicella's claim is duplicative of his breach of contract claims, and Plaintiff Amundson's claim is untimely.  Mem. at 13-16.  Plaintiffs urge that, because Apple disputes the application of the limited warranty to their claims, they sufficiently plead claims for unjust enrichment in the alternative.  Opp'n at 9-10.

Under New York Law, "[w]hen it is clear from the face of a complaint that an express contract exists that 'clearly controls,' courts dismiss the quasi-contract claims in the alternative for unjust enrichment."  *Price v. Cushman & Wakefield, Inc.*, 08 Civ. 8900, 2009 WL 3075599, at *5 (S.D.N.Y. Sep. 26, 2009) (citing *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 663 (2d Cir. 1996)); *see Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 516 N.E.2d 190, 193 (N.Y. 1987) ("A 'quasi contract' only applies in the absence of an express agreement."); *Gunther v. Capital One, N.A.*, 703 F. Supp. 2d 264, 276 (E.D.N.Y. 2010).  Similarly, under Washington

10

law, "[a] party to a valid express contract is bound by the provisions of that contract, and may not disregard the same and bring an action on an implied contract relating to the same matter." *Chandler v. Washington Toll Bridge Auth.*, 137 P.2d 97, 103 (Wash. 1943); *see Young v. Young*, 191 P.3d 1258, 1262 (Wash. 2008) ("Unjust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship."); *Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179, 1186-87 (W.D. Wash. 2010).

> Apple's express warranty states
>
> Your Apple-branded or Beats-branded hardware product ("Product") is warranted against defects in materials and workmanship for a period of ONE (1) YEAR from the date of original retail purchase ("Warranty Period") when used in accordance with Apple's user manuals (refer to www.apple.com/support/country). Under this warranty, you will be able to direct your claims to Apple even in situations where you purchased the Apple Product from a third party. If a defect arises during the Warranty Period, Apple, at its option will (1) repair the Product at no charge using new parts or parts that are equivalent to new in performance and reliability, (2) exchange the Product with a product with equivalent functionality formed from new and/or previously used parts that are equivalent to new in performance and reliability or with your consent, a product that is at least functionally equivalent to the product it replaces, or (3) refund the original purchase price. This warranty excludes normal depletion of consumable parts such as batteries unless failure has occurred due to a defect in materials or workmanship and, damage resulting from abuse, accident, modifications, unauthorized repairs or other causes that are not defects in materials and workmanship.

Am. Compl. ¶ 98. Here, it is clear from the face of the Amended Complaint that Apple's limited warranty governs their AirPods Max purchases and limits the legal theories under which Plaintiffs can recover. *See id.* ¶¶ 98-100. Thus, Plaintiffs fail to state a claim for unjust enrichment under both New York and Washington laws.[6]

---

[6] Under New York law, "where there is a bona fide dispute as to the existence of a contract or the application of a contract in the dispute in issue, a plaintiff may proceed upon a theory of quasi contract as well as breach of contract, and will not be required to elect his or her remedies." *Goldman v. Simon Property Grp.*, 869 N.Y.S.2d 125, 135 (2nd Dep't 2008) (collecting cases). However, here, Apple does not dispute the application of its limited warranty to Plaintiffs' claims. *See* Mem. at 14; Reply at 6. The parties only dispute whether the warranty covers the alleged defect. *See* Mem. at 10-12; Opp'n at 7-9. Thus, there being no bona fide dispute as to the application of Apple's limited warranty to Plaintiff Apicella's claims, he cannot proceed on an unjust enrichment theory. *See Nauman*, 2021 WL 4502666, at *6 (dismissing unjust enrichment claim where the parties did not dispute the existence of the express

Accordingly, Apple's motion to dismiss Plaintiffs' unjust enrichment claims is granted.[7]

## E.  Plaintiffs' Fraud-Based Claims

Apple argues that Plaintiffs' fraud-based claims arising under NY GBL Sections 349 and 350, the WCPA, and common law fraud-by-omission all fail because (1) Plaintiffs have pled no actionable misrepresentations or omissions; (2) Plaintiffs have not pled facts to show Apple's knowledge of the alleged defect at the time of purchase; and (3) Plaintiff Apicella's Sections 349 and 350 and Plaintiff Amundson's Washington common law claims are time-barred.  Mem. at 16-23.  Plaintiffs respond that they have pled actionable misrepresentations and Apple's pre-sale knowledge, and that their Sections 349 and 350 and Washington common-law claims are not time-barred.  Opp'n at 11-17.

### 1.  Plaintiff Apicella's New York GBL Sections 349 and 350 Claims

Apple argues that Plaintiff Apicella fails to plead causation as required under Section 349, reliance as required under Section 350,[8] or that a statement or omission was likely to mislead a reasonable customer acting reasonably under the circumstances under either Section.  Mem. at 17-20.  Plaintiff Apicella responds that he has "properly pleaded affirmative misrepresentations,

---

warranty, just whether it covered the alleged defect); *Price*, 2009 WL 3075599, at *6 (dismissing unjust enrichment claims where the contract "clearly exist[ed] and clearly control[led]").

Plaintiffs also argue that they may assert their unjust enrichment claim as an alternative argument.  Opp'n at 9-10. While under New York and Washington laws it is premature to dismiss alternative unjust enrichment claims so long as there remain questions about the validity and enforceability of the underlying contracts, *see Scott v. Carr*, C20-0236-RSM, 2020 WL 6381812, at *5 (W.D. Wash. Oct. 30, 2020); *Cummings v. FCA US LLC*, 401 F. Supp. 3d 288, 316 (N.D.N.Y. 2019) (collecting cases), the parties here do not dispute the validity or enforceability of Apple's limited warranty, *see* Mem. at 14; Reply at 6-7; Am. Compl. ¶¶ 98-100.

[7] Given this disposition, the Court declines to address Apple's argument that Plaintiff Amundson's unjust enrichment claim is untimely.

[8] To Apple's argument that Plaintiffs fail to allege that they "saw or relied on any statement by Apple at the time of purchase, or that any statement or omission caused them to purchase the AirPods Max headphones,"  Mem. at 18, reliance is not an element of a Section 349 or 350 claim, *Koch*, 967 N.E.2d at 676 ("Justifiable reliance by the plaintiff is not an element of the statutory claim" under either § 349 or § 350.).  Accordingly, the Court does not address reliance as an element here.

which are determined by a reasonable consumer standard" and are "not suited for resolution at the motion to dismiss stage," and further, that he plausibly alleges actionable omissions.  Opp'n at 11-14.

Section 349 prohibits "[d]eceptive . . . acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service," N.Y. GEN. BUS. LAW § 349(a), and Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service[s]" that is "misleading in a material respect," *id.* §§ 350, 350-a(1).  "To successfully assert a claim under either Section, 'a plaintiff must [establish] that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the [] deceptive act or practice.'"  *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (quoting *Koch v. Acker, Merrall & Condit Co.*, 967 N.E.2d 675 (N.Y. 2012)).

### a.  Causation

In a Section 349 or 350 claim, "[t]he plaintiff . . . must show that the defendant's material deceptive act caused the injury."  *Hasemann v. Gerber Prods. Co.*, 331 F.R.D. 239, 257 (E.D.N.Y. Mar. 31, 2019) (quoting *Stutman v. Chem. Bank*, 731 N.E.2d 608, 612 (2000)); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 745 (N.Y. 1995).

Plaintiff Apicella's Section 349 and 350 claims regarding Apple's affirmative misrepresentations[9] of the AirPods Max qualities fail because he does not plausibly allege causation.  Plaintiff Apicella alleges that Apple misrepresented that the AirPods Max provided "exhilarating high-fidelity audio," "[s]patial audio with dynamic head tracking" and "20 hours of

---

[9] In their Opposition, Plaintiffs acknowledge that their "fraud-based claims are premised primarily upon Apple's failure to disclose the defect," but go on to argue that they also plausibly allege affirmative misrepresentations.  Opp'n at 11.  Accordingly, the Court addresses whether Plaintiffs plausibly allege both affirmative misrepresentations and omissions in support of their fraud-based claims.

listening, movie watching, or talk time." Am. Compl. ¶¶ 37, 39, 40. Plaintiff Apicella also alleges that he "researched the AirPods Max on the internet by visiting the product page on Apple's website and relied on his previous experience with Apple products" before he purchased the headphones. *Id.* ¶ 15. However, he does not allege any specific misrepresentations that he reviewed in his research or that the alleged misrepresentations by Apple on its products page, *see id.* ¶¶ 37, 39, 40, were the same ones that caused him to purchase the headphones, *see Abraham v. Am. Home Mortg. Servicing, Inc.*, 947 F. Supp. 2d 222, 234-35 (E.D.N.Y. 2013) (dismissing Section 349 claim for failure to allege specific disclosures that the plaintiff received).[10] Accordingly, Apple's motion to dismiss Plaintiff Apicella's affirmative misrepresentation claims under Sections 349 and 350 is granted.

### b. Materially Misleading

"The New York Court of Appeals has adopted an objective definition of 'misleading,' under which the alleged act must be 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Orlander*, 802 F.3d at 300 (quoting *Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007)). An omission-based claim for Section 349 liability is subject to a "more relaxed reading of the pleading standard" and "must plausibly allege that the plaintiff 'could not "reasonably have obtained the relevant information they now claim the defendant failed to provide."'" *Schuman v. Visa U.S.A., Inc.*, 788 F. Supp. 3d 563, 581-82 (S.D.N.Y. 2025) (citing *Paradowski v. Champion Petfoods USA, Inc.*, 22-962-cv, 2023 WL 3829559, at *2 (2d Cir. June

---

[10] Furthermore, "[s]tatements that are mere puffery cannot support a claim" under Sections 349 and 350 and "[c]ourts can determine that a statement is puffery as a matter of law." *Duran v. Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 346-47 (S.D.N.Y. 2020) (alteration in original) (quoting *Lugones v. Pete and Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 241 (S.D.N.Y. 2020)). Puffery includes "an exaggerated, blustering, and boasting statement upon which no reasonable buyer would be justified in relying." *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 160 (2d Cir. 2007) (quoting *Pizza Hut, Inc. v. Papa John's Int'l., Inc.*, 227 F.3d 489, 497 (5th Cir. 2000)). The statements "innovative," "unparalleled," "exhilarating," and "theater-like," Am. Compl. ¶¶ 4, 37, 39, are mere puffery because they "do not provide any concrete representations," *Fink*, 810 F. Supp. 2d at 644. Thus, Plaintiffs cannot make any cognizable claims under Section 340 or Section 350 based on these statements alone.

14

6, 2023)); *see Oswego Laborers'*, 647 N.E.2d at 745.  The same standard applies to Section 350 liability for an omission-based claim.  *See DeMarco v. DNVB, Inc.*, 1:25-cv-3076-GHW, 2026 WL 203742, at *5 (S.D.N.Y. Jan. 26, 2026).  "[I]t is 'well settled that a court may determine as a matter of law that an allegedly deceptive [practice] would not have misled a reasonable consumer.'" *Wynn v. Topco Assocs., LLC*, 19-CV-11104 (RA), 2021 WL 168541, at *2 (S.D.N.Y. Jan. 19, 2021) (alteration in original) (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013)).

Plaintiff Apicella's omission-based Section 349 and 350 claims fail because he does not plausibly allege that a reasonable consumer would have been misled.  Plaintiff Apicella does not plausibly allege that he "could not 'reasonably have obtained the relevant information [he] now claim[s] the defendant failed to provide'" about the condensation defect.  *See Schuman*, 788 F. Supp. 3d at 582 (quoting *Paradowski*, 2023 WL 3829559, at *2).  In their Amended Complaint, Plaintiffs quote numerous online sources dating back to December 27, 2020, complaining that their AirPods Max were forming condensation.  Am. Compl. ¶¶ 42-45.  Plaintiff Apicella purchased his headphones in April 2021, *id.* ¶ 14, and "researched the AirPods Max on the internet by visiting Apple's product page," *id.* ¶ 15.  Thus, he could have viewed at least those publicly available complaints posted between December 2020 and April 2021.  Although Plaintiff Apicella contends that the consumer condensation complaints were "unbeknownst" to him, *id.* ¶ 16, such assertions are implausible.  Just as Plaintiff Apicella was able to visit Apple's product page, he could just as easily have availed himself to Apple's own community boards and other forums to investigate consumer feedback on the headphones, as could a reasonable consumer.  *See Bates v. Abbott Lab'ys*, 24-919-cv, 2025 WL 65668, at *3 n.3 (2d Cir. Jan. 10, 2026) (concluding that a reasonable consumer could discover and examine the health effects of the allegedly misleading statements

15

"on their own, including from the numerous publicly available studies and sources that [the plaintiff] cites in her complaint"); *Schuman*, 788 F. Supp. 3d at 582-83 (concluding that the plaintiffs could have reasonably obtained the information about the product's susceptibility to fraud because it was known and widespread and the complaint cited numerous publicly available sources about the fraud); *Pelman v. McDonald's Corp.*, 237 F. Supp. 2d 512, 529 (S.D.N.Y. 2003) (concluding that the plaintiffs failed to allege that information on the nutritional content of McDonalds' products was solely within its possession or that a consumer could not reasonably obtain such information).  Accordingly, Apple's motion to dismiss Plaintiff Apicella's omission-based Sections 349 and 350 claims is granted.

### 2.  Plaintiff Amundson's WCPA Claim

Apple argues that Plaintiff Amundson's WCPA claim fails because he does not adequately plead causation or that a statement or omission was likely to mislead a reasonable customer acting reasonably under the circumstances, and further, that his WCPA claims fail to satisfy the Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") pleading standard.  Mem. at 17-18.

"The elements of a [WCPA] claim include: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; and (5) causation." *Leach v. NCO Fin. Sys., Inc.*, C15–0890JLR, 2015 WL 5675794, at *7 (W.D. Wash. Sep. 25, 2015) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins.*, 719 P.2d 531, 533 (Wash. 1986)).

#### a.  Causation

To plead causation under the WCPA, "[a] plaintiff must establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury." *Schnall v. AT & T Wireless Servs., Inc.*, 259 P.3d 129, 278 (Wash. 2011) (quoting *Indoor Billboard/Wash.,*

16

*Inc. v. Integra Telecom of Wash., Inc.*, 170 P.3d 10, 21 (Wash. 2007)); *Gray v. Amazon.com Inc.*, 23-35377, 2024 WL 2206454, at *2 (9th Cir. May 16, 2024). "Washington law recognizes [a rebuttable presumption of reliance] for claims grounded in omissions, premised on the idea that otherwise the person seeking relief would have to prove a negative." *White v. Symetra Assigned Benefits Serv. Co.*, 104 F.4th 1182, 1197 n.3 (9th Cir. 2024) (citing *Deegan v. Windermere Real Estate/Center-Isle, Inc.*, 391 P.3d 582, 587 n.30, 589-90 (Wash. Ct. App. 2017)).

As to Plaintiff Amundson's affirmative misrepresentation claims under the WCPA, Plaintiff Amundson fails to adequately plead causation. Plaintiff Amundson does not allege that he read any of the statements on Apple's product page at the time that they purchased the AirPods Max and does not specify which statements he reviewed. *Compare* Am. Compl. ¶¶ 15, 22*, with id.* ¶ 37. There is no reasonable inference to be made as to which and what statements caused Plaintiff Amundson to purchase the AirPods Max. Thus, he cannot establish that, but-for Apple's statements, his injuries would not have occurred. Accordingly, he cannot establish causation. *See Maple v. Costco Wholesale Corp.*, 649 F. App'x 570, 572 (9th Cir. 2016) (affirming dismissal of a WCPA claim challenging labeling where the plaintiff did not allege that he read those parts of the label he claimed were deceptive); *Gray v. Amazon.com, Inc.*, 653 F. Supp. 3d 847, 859 (W.D. Wash. 2023), *aff'd* 23-35377, 2024 WL 2206454 (9th Cir. May 16, 2024) (dismissing a WCPA claim where the plaintiffs did not allege that they viewed, heard, or were otherwise aware of the deceptive statements at the time of their purchase or any time prior to filing the lawsuit). Accordingly, Apple's motion to dismiss Plaintiff Amundson's fraud-based affirmative misrepresentation claims under the WCPA is granted.

Regarding Plaintiff Amundson's omission claims under the WCPA, neither party disputes that his fraud-based claims are "grounded in omission." Thus, the rebuttable presumption of

17

causation and reliance applies. *See White*, 104 F.4th at 1197 n.3. The presumption of reliance resolves any potential causation inadequacies in Plaintiff Amundson's omission-based WCPA claim. *See Davidson v. Apple, Inc.*, 2018 WL 2325426, at \*16 (N.D. Cal. May 8, 2018). Thus, the Court next considers whether Plaintiff Amundson plausibly alleges a deceptive act via omission.

### b. Deceptive Act or Practice

Under the WCPA, "[d]eception exists 'if there is a representation, omission or practice that is likely to mislead' a reasonable consumer." *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 895 (Wash. 2009) (quoting *Sw. Sunsites, Inc. v. Fed. Trade Comm'n*, 785 F.2d 1431, 1435 (9th Cir. 1986)). In WCPA omission cases, "Washington courts appear to hold that 'a plaintiff alleges a deceptive act when their complaint claims the defendant *knowingly* failed to "reveal something of material importance."'"[11] *In re Pac. Mkt.*, 764 F. Supp. 3d at 1036 n.2 (emphasis added) (quoting *Eng v. Specialized Loan Servicing*, 500 P.3d 171, 177 (Wash. Ct. App. 2021)). Further, courts have concluded that, where there is a fraudulent omission claim, a plaintiff's adequate allegation of a manufacturer's knowledge of a defect supports a reasonable inference that the manufacturer engaged in unfair or deceptive conduct. *See Nauman*, 2021 WL 4502666, at \*5; *see also Zwicker v. Gen. Motors Corp.*, 2007 WL 5309204, at \*5 (W.D. Wash. July 26, 2007) (finding that the plaintiffs adequately pled a requisite unfair or deceptive act because they asserted "a systemic failure of a specific automotive part *of which GM was allegedly aware* and concealed from the public" (emphasis added)).

---

[11] Materiality is not a necessary component of the first element of a WCPA claim, *Young v. Toyota Motor Sales, U.S.A.*, 472 P.3d 990, 995 (Wash. 2020), thus the Court does not analyze whether Plaintiffs plausibly allege materiality under the WCPA.

Additionally, Rule 9(b) applies to WCPA claims. *In re Pac. Mkt.*, 764 F. Supp. 3d at 1036-37; *see also Nemykina v. Old Navy, LLC*, 461 F. Supp. 3d 1054, 1058 (W.D. Wash. 2020) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003)). While a plaintiff "will not be able to specify the time, place, and specific content of an omission as precisely as would a plaintiff in a false representation claim," *Nauman*, 2021 WL 4502666, at \*4 (quoting *Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088, 1098 (N.D. Cal. 2007)), a plaintiff must still plead the fraudulent omission claim with particularity, *In re Pac. Mkt.*, 764 F. Supp. 3d at 1035-36 (citing *Short v. Hyundai Motor Co.*, 444 F. Supp. 3d 1267, 1279 (W.D. Wash. 2020)). Thus, the Court proceeds to determine whether Plaintiff Amundson sufficiently alleges that Apple had knowledge of the defect such that it plausibly deceived reasonable consumers pursuant to Rule 9(b).

Apple argues that Plaintiffs fail to allege Apple's pre-sale knowledge of the defect. Mem. at 20-22. Plaintiff Amundson responds that he adequately alleges Apple's knowledge based on (1) customer complaints on Apple's own website, pre-dating Plaintiffs' purchase, (2) allegations of pre-release testing and Apple's own statements of testing, and (3) allegations that Apple failed to disclose or concealed this information to sell the AirPods Max. Opp'n at 15 (citing Am. Compl. ¶¶ 6, 42-46, 55-56, 59-60).

Plaintiff Amundson's allegations of consumer complaints, *see* Am. Compl. ¶¶ 42-46, do not support an inference of Apple's knowledge. Although Plaintiff Amundson alleges that complaints were posted on Apple's community boards, *id.* ¶ 43, he does not allege that Apple monitors its community boards nor otherwise allege how Apple could have been made aware of those consumer complaints. Indeed, "courts have expressed doubt that customer complaints on a manufacturer's website adequately support an inference of knowledge because the complaints 'merely establish the fact that some consumers were complaining.'" *Nauman*, 2021 WL 4502666,

19

at *4 (quoting *Berenblat v. Apple, Inc.*, 08-4969 JF (PVT), 09-1649 JF (PVT), 2010 WL 1460297, at *9 (N.D. Cal. Apr. 9, 2010)).

The only allegation that may support Apple's knowledge of consumer complaints regarding the defect is a Forbes article reporting that Apple refused a customer coverage and required the customer to pay out of pocket for the repair. Am. Compl. ¶ 46. This, too, is insufficient to allege Apple's knowledge because it is only one circumstance that does not plausibly indicate that Apple knew of a more widespread problem. *Contra Nauman*, 2021 WL 4502666, at *4-5 (reasoning that the voluminous nature of the consumer complaints supported a plausible inference under Rule 9(b) that the defendant had knowledge of the defect). Plaintiff Amundson additionally alleges that Apple knew of the defect "through . . . warranty and post-warranty claims," Am. Compl. ¶ 53, but does not allege facts of consumers lodging voluminous warranty or post-warranty claims, particularly prior to his purchase.

Plaintiff Amundson's allegations of Apple's product testing for battery life, fit, and skin sensitivities similarly fail. *Id.* ¶¶ 54-55. He does not allege "specifics of how [Apple's] alleged testing would reveal the specific alleged defects." *See Short v. Hyundai Motor Co.*, C19-0318JLR, 2020 WL 6132214, at *7 (W.D. Wash. Oct. 19, 2020). That is, there are no plausible explanations for how battery testing and materials testing for "good fit" and "potential skin sensitivities" could lead to Apple's knowledge of ear cup condensation.

Finally, Plaintiff Amundson's allegation that Apple knowingly failed to disclose or concealed information of the defect, Am. Compl. ¶¶ 59-60, is too general to meet the Rule 9(b) pleading standard and, as explained above, is unsupported by any sufficiently particular facts that would permit an inference that Apple knew of the defect. *Contra Shields v. Fred Meyer Stores Inc.*, 741 F. Supp. 3d 915, 932 (W.D. Wash. 2024) (concluding that the plaintiff adequately alleged

the defendants' knowledge based on their allegation that the defendants received complaints directly from customers).

Plaintiff Amundson does not plausibly allege Apple's knowledge of the alleged condensation defect and therefore cannot allege deception under the WCPA.  *See Nauman*, 2021 WL 4502666, at \*5-6 (finding that the plaintiffs plausibly alleged WCPA violations on the basis that they plausibly alleged the defendant's knowledge of the defect).   However, Plaintiff Amundson may be able to cure this deficiency with an amendment.

Accordingly, Apple's motion to dismiss Plaintiff Amundson's omission-based WCPA claim is granted, and this claim is dismissed without prejudice.

### 3.  New York and Washington Common Law Fraud by Omission Claims

Apple argues that Plaintiffs fail to satisfy the Rule 9(b) pleading standard as applied to their New York and Washington common law claims and further fail to plead reliance or that a statement or omission was likely to mislead a reasonable customer acting reasonably under the circumstances under New York and Washington common law.  Mem. at 17-18.

"To establish fraud under Washington law, '[t]he plaintiff may affirmatively plead and prove the nine elements of fraud or may simply show that the defendant breached an affirmative duty to disclose a material fact.'"  *Zwicker*, 2007 WL 5309204, at \*4 (quoting *Crisman v. Crisman, 931 P.2d 163, 166 (Wash. Ct. App. 1997)).

> The nine elements of fraud are:  (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff.

*Stiley v. Block*, 925 P.2d 194, 204 (1996).  The five elements of New York common law fraud are "(1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting

21

damage to the plaintiff." *Crigger v. Fahnestock and Co., Inc.*, 443 F.3d 230, 234 (2d Cir. 2006). Plaintiffs' common law fraudulent omission claims are governed by Rule 9(b). *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*, 797 F.3d 160, 174 (2d Cir. 2015) (New York common law); *Vyas v. Wallach*, C06-1193RSM, 2006 WL 8454883, at *2-3 (W.D. Wash. Nov. 30, 2006) (citing *Haberman v. Wash. Pub. Power Supp. Sys.*, 744 P.2d 1032, 1069 (Wash. 1987)) (Washington common law). As with Plaintiffs' WCPA claim, this standard is relaxed for fraudulent omission claims but Plaintiffs still must "plead the claim with particularity." *See Zwicker*, 2007 WL 5309204, at *4.

Plaintiff Amundson's WCPA claim fails to allege Apple's knowledge of the omission's falsity with sufficient specificity, and consequently, his Washington common law fraud by omission claim also fails. *See Nicholas v. Amazon.com, Inc.*, 740 F. Supp. 3d 1099, 1105 (W.D. Wash. 2024) (dismissing WCPA and Washington common law fraud claims for failure to satisfy Rule 9(b)). Accordingly, Apple's motion to dismiss Plaintiff Amundson's common law fraud by omission claim is granted and this claim is dismissed without prejudice.

Similarly, Plaintiff Apicella's Sections 349 and 350 claim fails to allege a material omission so his New Yok common law fraud by omission claim also fails. *See Sandoval v. Uphold HQ Inc.*, 1:21-CV-7579-LTS-BCM, 2025 WL 1268291, at *8 (S.D.N.Y. May 1, 2025) (dismissing common law fraud claim because the plaintiffs failed to allege misrepresentations or omissions sufficient to state a Section 349 claim and thus could not meet the more demanding standard for common law fraud).

Accordingly, Apple's motion to dismiss Plaintiffs' common law fraud by omission claims is granted and these claim are dismissed without prejudice.

22

## F. Leave to Amend

Plaintiffs do not move for leave to amend. However, "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *see also* FED. R. CIV. P. 15(a)(2). "District courts typically grant plaintiffs at least one opportunity to plead fraud with greater specificity when they dismiss under Rule 9(b)." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007).

Consequently, having dismissed Plaintiff Amundson's WCPA and Washington common law claims under Rule 9(b), the Court grants Plaintiff Amundson leave to move to amend the Amended Complaint as to these claims only.

## CONCLUSION

For the foregoing reasons, Apple's motion to dismiss is granted in part and denied in part.

Apple's motion to dismiss Plaintiff Amundson's RCW § 62A.2-314 and MMWA claims is DENIED.

Apple's motion to dismiss Plaintiff Apicella's N.Y. U.C.C. § 2-314 claim, MMWA claim, Sections 349 and 350 claims, and New York common law fraud claims, Plaintiff Amundson's RCW § 62A.2-313 claim, and Plaintiffs' unjust enrichment claims is GRANTED, and such claims are dismissed with prejudice.

Apple's motion to dismiss Plaintiff Amundson's WCPA and Washington common law fraud claims is GRANTED, and such claims are dismissed without prejudice.

Plaintiff Amundson is granted leave to file a motion to file a second amended complaint as to the WCPA and Washington common law fraud claims only by August 5, 2026. In filing such motion, Plaintiffs shall comply with Federal Rule of Civil Procedure 15, Local Civil Rule 7.1(e), and the Court's Individual Practices and Rules, including by attaching a redlined comparison of

the operative pleading and the proposed amended pleading and an explanation of why the additional facts cure the pleading's defects.  Apple shall file its opposition, if any, to the proposed second amended complaint by September 4, 2026, and no reply shall be filed unless otherwise directed by the Court.

SO ORDERED.

/s/

ORELIA E. MERCHANT
United States District Judge

July 6, 2026
Brooklyn, New York